## C. T. HEWGLY *v.* WM. JOHNS.

SALE OF LAND. *Condemnation. Venditioni exponas. Revivor necessary in name of plaintiff's representatives. When.* A Sheriff has no power to sell real estate, and convey title under a *venditioni exponas,* issued after the death of the *plaintiff* in the judgment of condemnation, without revivor in the name of the personal representatives.

Cases cited: Overton *v.* Perkins, 10 Yerg., 328; Carter *v.* Carrigan, 3 Yerg., 413.

### FROM WILSON.

Appeal from the Circuit Court. JOHN W. PHILLIPS, Judge.

---

C. T. Hewgly *v.* Wm. Johns.

---

JORDAN and JAS. F. STOKES for Hewgly.

HEAD & SONS for Wm. Johns.

NICHOLSON, C. J., delivered the opinion of the Court.

This is an action of ejectment, in which the plaintiff relies for title upon a Sheriff's deed. It appears that after the levy on the land by an execution from a Justice of the Peace, and a condemnation of the land at the January Term, 1862, upon the return of the papers into the Circuit Court, the plaintiff in the execution died, in 1863, and afterwards a *venditioni exponas* issued, December 11, 1865, without any revivor of the judgment in the name of the administrator, and the land sold thereunder. On these facts the Circuit Judge charged the jury as follows:

"It is admitted by the counsel, that the plaintiff in the judgment of condemnation had died before the order of sale issued. But I am of opinion, and so charge you, that that fact alone would not avoid the order, but that it would be sufficient authority to the Sheriff to proceed to sell."

The only question in the case is, whether this charge, as applicable to the facts, is correct? It has been repeatedly and uniformly held, since the case of *Overton* v. *Perkins*, 10 Yerg., 328, "that if *venditioni* issue after the debtor's death, directing the property to be sold, but no *scire facias*, or other process, had issued to make the heirs or personal representatives of the debtor parties, in such case the *venditioni exponas*

is void, and communicates no power to the Sheriff to sell." But we are aware of no case in which the question has arisen as to the power of a Sheriff to sell and communicate title under a *venditioni exponas*, issued after the death of the plaintiff in the judgment of condemnation, without any revivor in the name of the personal representative. In the case of *Overton* v. *Perkins*, Judge Green illustrated his views as to the question under discussion, by referring to the case of a Justices' execution levied on land. He said: "The constable has no authority to sell by virtue of the levy alone, but he must bring the process into Court, with his levy endorsed upon it, and the Court direct a *venditioni exponas* to issue. When the sale is made, it relates to the levy, and passes the title from that time. But, although this be so, if the debtor had died after the levy, and before the order of sale, the Court could not proceed to make the order and award the process, without having new parties. It would be absurd to have a judicial proceeding against a dead man, and a solemn order directing land to be sold as his, when the Court knew that it had vested, by his death, in his heirs."

The reason of the rule is, that upon the death of the debtor, the title to the land descends to his heirs, and hence the absurdity of issuing a process to sell land as the land of the debtor, when he has died, and the title descended to his heirs. But the same process which orders the Sheriff to sell the land of the debtor, also orders the sale to be made to satisfy the

judgment of the creditor. If, at the time, it be known
to the Court that there is no such creditor in being,
but that the title to the judgment has passed to his
personal representative, it would seem to be as absurd
as it would be to issue the process to sell the land of
a debtor known to be dead. If it be true, as held
in *Carter* v. *Carrigan,* 3 Yer., 413, that a judgment
rendered against a dead man is an absolute nullity, it
would seem to be equally true, that a judgment in
favor of a dead man is also a nullity. A revivor
would seem to be as essential in the one case as in
the other. It cannot be regarded as a proceeding in
*rem.* The levy of the execution on the land by the
constable fixes a lien upon it for the satisfaction of
the judgment which is in *personam.* The return of
the papers into the Circuit Court, and their entry upon
its minutes, and the order of sale, have no effect upon
the lien already acquired. They are requirements pre-
scribed to give certainty and uniformity and publicity
to land titles. When the *venditioni exponas* issues to
the Sheriff, it is an authority to sell for the satisfac-
tion of the judgment in favor of the creditor against
the debtor, but neither the proceedings in the Court,
nor the process issuing therefrom, fix the status of the
land levied on; that was fixed, so far as creating a
lien by the levy made by the constable, and when the
Sheriff sells under his process, the title of the pur-
chase relates back to the date of the levy made by
the constable. If the proceeds of the sale are more
than sufficient to satisfy the debt, the Sheriff is re-

quired to pay it over to the debtors. If they are insufficient, an execution may issue for the balance, in favor of the creditor against the debtor.

We think it follows that the proceeding is in *personam*, and that it cannot be made effectual without a living plaintiff as well as a living defendant.

The charge of the Circuit Judge was, therefore, erroneous, and the judgment is reversed.